IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Trustees of the SHEET METAL WORKERS
LOCAL UNION 49 FAMILY HEALTH PLAN,
the SHEET METAL WORKERS LOCAL UNION 49
DEFINED CONTRIBUTION PENSION PLAN, and
the SHEET METAL WORKERS LOCAL UNION 49
JOINT APPRENTICESHIP TRUST FUND,

    Plaintiffs,

v.                                                                                                                                        CV 11-898 JCH/CG

MARES PLUMBING & MECHANICAL, INC.,

    Defendant.

**ORDER DENYING MOTION TO CONSOLIDATE**

**THIS MATTER** comes before the Court upon Defendant's *Motion to Allow Consolidation of Cases*, (Doc. 26), *Plaintiffs' Response to Defendant's Motion to Allow Consolidation of Cases*, (Doc. 30), and Defendant's *Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Consolidate*, (Doc. 33). The motion was referred to this Court by United States District Judge Judith C. Herrera pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Doc. 35). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **FINDS** that the motion is not well-taken and should be **DENIED**.

Defendant Mares Plumbing & Mechanical, Inc., has been sued as a Defendant in two cases: cause Civ. 11-898 JCH/CG, and cause Civ. 11-1065 BB/WDS. Defendant is being sued by two separate unions for failing to make timely fringe benefit contributions to the unions' various health, pension, and trust funds. (Doc. 7; Civ. 11-1065 BB/WDS, Doc.

7).  Defendant argues that the legal issues in each case is similar and seeks to have the later filed case, Civ. 11-1065, consolidated with the instant case.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, if several actions before a court involve common questions of law or fact, the court may consolidate the actions. FED. R. CIV. P. 42(a). Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). If the court finds that the cases present a common question of law or fact, the court should weigh the interests of judicial convenience against the delay, confusion, and prejudice that consolidation might cause. *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F.Supp. 1560, 1572 (D.N.M. 1994). Judicial economy and reduction of the burden on the parties and witnesses should also be considered. The party moving for consolidation bears the burden of demonstrating that consolidation is desirable and appropriate. *Id.*  Applying those principles, the Court finds that Defendant has not met its burden of showing that consolidation is appropriate.

The two cases do involve common questions of law: both cases concern Defendant's purportedly delinquent contributions to the unions' various funds in violation of the various collective bargaining agreements existing between the two parties. Plaintiffs' theory of recovery is the same in both cases: they claim that the delinquent contributions are in violation of the federal Employee Retirement Income Security Act ("ERISA"). (Doc. 7 at 1; Civ. 11-1065, Doc. 7 at 1). Defendant has asserted identical counterclaims against Plaintiffs in both cases. (Doc. 9 at 11-17; Civ. 11-1065, Doc. 9 at 8-15).

However, there are significant differences between the parties, the procedural postures, and the theory of defense in the respective cases. The cases involve entirely

separate Plaintiffs suing for violations of separate collective bargaining agreements ("CBA"). In the instant case, Defendant has conceded that there was a valid CBA between itself and the Plaintiffs and that it has been delinquent in its contributions. (Doc. 17 at 10 ¶ B). While Defendant concedes liability as to the delinquent contributions, it disputes Plaintiffs' calculation as to how much is owed. (*Id.* at 10-11). Nevertheless, Defendant has withdrawn its affirmative defenses and waived its right to a jury trial. (*Id.*; Doc. 14 at 12).

Defendant's position in Civ. 11-1065 is materially different. In that case, Defendant has not admitted liability but instead argues that Defendant had no duty to make contributions because no valid CBA existed between the parties. (Civ. 11-1065, Doc. 9 at 3-5 ¶ 11-14, 16-17, 28; Doc. 14 at 4, 6). Defendant has not withdrawn its affirmative defenses and has not waived its right to a jury trial. (Civ. 11-1065, Doc. 14 at 10 ¶ B).

Considering these facts, the Court finds that consolidation is not appropriate in this case. The Plaintiffs are entirely separate and have no legal relation to one another. While it is true that the various motions in both cases are substantially similar, there are nevertheless significant differences in both the posture of the cases and in Defendant's theory of defense. In one case Defendant has conceded liability and agreed that the matter can be resolved in a one day bench trial. In the other case, Defendant has not conceded liability or withdrawn its affirmative defenses and continues to seek a trial by jury. The Court foresees significant complications were it to consolidate the cases and then conduct both a jury and bench trial with separate Plaintiffs. Consolidating the cases would cause unnecessary confusion and delay and would not vindicate the values of judicial economy and convenience.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Allow Consolidation of*

*Cases*, (Doc. 26), is hereby **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE