IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Trustees of the SHEET METAL WORKERS
LOCAL UNION 49 FAMILY HEALTH PLAN,
the SHEET METAL WORKERS LOCAL UNION 49
DEFINED CONTRIBUTION PENSION PLAN, and
the SHEET METAL WORKERS LOCAL UNION 49
JOINT APPRENTICESHIP TRUST FUND,

  Plaintiffs,

v.                   CV 11-898 JCH/CG

MARES PLUMBING & MECHANICAL, INC.,

  Defendant.

### ORDER DENYING MOTION TO JOIN NECESSARY PARTY

**THIS MATTER** comes before the Court upon Defendant's *Motion to Join Necessary Party Mark Mares*, (Doc. 25), *Plaintiffs' Response to Defendant's Motion to Join Mark Mares as Necessary Party*, (Doc. 31), and Defendant's *Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Join*, (Doc. 34). The motion was referred to this Court by United States District Judge Judith C. Herrera pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Doc. 35). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **FINDS** that the motion is not well-taken and should be **DENIED**.

Defendant Mares Plumbing & Mechanical sought to join Mark Mares, one of the owner of Mares Plumbing, as a party to the proceedings. (Doc. 25 at 1-2). Defendant asserted that Mark Mares should be allowed to join the party so that he might prosecute his counterclaim wherein he alleged that Plaintiffs fraudulently terminated his healthcare

benefits with Local Union 412. (Doc. 34 at 2). Plaintiffs asserted that Mark Mares' fraud counterclaim was preempted by the Employment and Retirement Income Security Act ("ERISA") and that the motion should therefore be denied. (Doc. 31 at 1-3).

This Court, in a subsequent *Proposed Findings and Recommended Disposition*, agreed that the fraud counterclaim was preempted by ERISA and that it failed to state a claim upon which relief could be granted. (Doc. 44 at 13-15). The Court recommended that the fraud counterclaim be dismissed. (*Id.*). Judge Herrera adopted the Court's recommendation and dismissed Mr. Mares' fraud counterclaim. (Doc. 55). Because Mark Mares' counterclaim has been dismissed, the Court finds that he is not a necessary party to this action and that his motion to join should be denied.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Join Necessary Party Mark Mares*, (Doc. 25), is hereby **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE